**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                      No. 97-4353

WOODROW WARD,
Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of West Virginia, at Bluefield.
David A. Faber, District Judge.
(CR-97-3)

Submitted: October 28, 1997

Decided: November 19, 1997

Before MURNAGHAN and LUTTIG, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Hunt L. Charach, Federal Public Defender, Edward H. Weis, First
Assistant Federal Public Defender, Charleston, West Virginia, for
Appellant. Rebecca A. Betts, United States Attorney, Hunter P.
Smith, Jr., Assistant United States Attorney, Charleston, West Vir-
ginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Woodrow Ward pled guilty to a single count of mail fraud,[1] and was sentenced to a term of twenty-four months imprisonment. Ward, an ambulance driver for the Big Creek Volunteer Rescue Squad, Inc. (Big Creek), participated with other Big Creek employees in a scheme to defraud Medicaid by billing for unnecessary and"phantom" ambulance runs. The scam consisted of Big Creek employees routinely operating improperly as a taxi service for Medicaid recipients by transporting them to unnecessary doctor appointments, or creating claims for "phantom" trips which did not occur. Ward appeals his sentence asserting that the district court clearly erred in finding that he was not a minor participant in the offense.[2] Because the district court's determination was not clearly erroneous, we affirm Ward's sentence.

After the probation officer failed to recommend any role adjustment, Ward objected and argued that he should receive a two-level reduction as a minor participant.[3] At sentencing, Ward claimed that his lack of reading skills and susceptibility to being easily led by others entitled him to a minor participant reduction. While the Government did not contest Ward's educational and mental limitations, it contended that Ward was as culpable as many of the other participants in the scheme.

Ultimately, the district court determined that Ward did not qualify for a mitigating role adjustment. Although the court found Ward less culpable than the leaders of the rescue squad, the court found that Ward did not establish that he was less culpable than most other par-

_____

[1] See 18 U.S.C. § 1341 (1994).
[2] See U.S. SENTENCING GUIDELINES MANUAL§ 3B1.2 (1995).
[3] See USSG § 3B1.2(b).

ticipants. Although Ward did not have decision-making authority in the operation of Big Creek, he acknowledged that he signed the Medicaid forms, whether they were valid or dishonest, before they were submitted through the mail for reimbursement. Further, Ward admitted that he solicited a Medicaid recipient for unnecessary ambulance trips to the doctor, and asked another individual not to report the unnecessary and "phantom" ambulance runs to the authorities. A defendant seeking a mitigating adjustment bears the burden of showing by a preponderance of the evidence that he is entitled to it.[4] We find no clear error in the district court's factual determination,[5] and note that the court properly considered all relevant conduct in making its decision, not simply the acts alleged in the count of conviction.[6]

The sentence imposed by the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

_____

[4] **See United States v. Urrego-Linares**, 879 F.2d 1234, 1238-39 (4th Cir. 1989).
[5] **See United States v. Daughtrey** , 874 F.2d 213, 218 (4th Cir. 1989).
[6] **See** USSG § 1B1.3(a); United States v. Fells, 920 F.2d 1179, 1183-84 (4th Cir. 1990) (adjustments determined on the basis of relevant conduct).

3